IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-260J |
| | ) | Judge Kim R. Gibson/ |
| CASE MANAGER SPOSATO *Loretto Camp* and COUNSELOR HITE *Loretto Camp*, | ) ) ) | Magistrate Judge Maureen P. Kelly |
| | ) | Re: ECF No. 35 |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Before the Court is a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment,[1] ("the Motion") filed by Defendants Case Manager Sposato and Counselor Hite ("Defendants"). ECF No. 35. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be granted without prejudice for Plaintiff to file an Amended Complaint as to particular claims.

## II. REPORT

### A. PROCEDURAL HISTORY

Acting *pro se*, Plaintiff filed the operative Complaint on August 31, 2015. ECF No. 22. In the Complaint, Plaintiff makes the following allegations. Plaintiff was transferred to the Federal Correctional Institution at Loretto ("FCI - Loretto") in May 2014. Id. ¶ 5. At Defendant Sposato's behest, Plaintiff began working on a roofing project. Id. ¶¶ 6, 8. When the project was 85% complete, Plaintiff and two other inmates were expelled from the program. Id. Defendant Sposato gave all participants in this project except Plaintiff "full completion." Id.

---

[1] The Court will treat the entirety of the pending motion as a motion to dismiss.

¶ 23. Additionally, "almost all" participants received a furlough transfer. Id. Plaintiff did not. Id.

Upon his arrival at FCI - Loretto, Plaintiff who had a balance of $153.24 on a special assessment, met with Defendant Hite. Id. ¶ 9. Defendant Hite initially provided Plaintiff with an agreement whereby Plaintiff would pay $25 per quarter towards this assessment. Id. Plaintiff executed this agreement, which was to start in September 2014. Id. Defendant Hite subsequently provided Plaintiff with a new agreement whereby Plaintiff would be required to pay $141 per quarter. Id. ¶¶ 10-11. Defendant Hite refused to give Plaintiff a six-month Program Review when it was due. Id. ¶ 18.

On October 21, 2014, Plaintiff requested an emergency furlough due to his mother's death. Defendant Sposato disapproved that request. Id.

Plaintiff seeks relief in this Court pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for violations of his constitutional rights.[2] Id. at 7.

On February 1, 2016, Defendants filed the instant Motion to Dismiss and Brief in Support thereof. ECF Nos. 35-36. On March 28, 2016, Plaintiff filed a Brief in Opposition. ECF No. 41. On April 11, 2016, Defendants filed a Reply. ECF No. 42. On May 2, 2016, Plaintiff filed a Reply. ECF No.43. The Motion to Dismiss is now ripe for review.

### B. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court

---

[2] Although Plaintiff at times refers to an equal protection claim, a fair reading of his pleadings reveals that his claims are, in essence, claims of retaliation.

2

must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

  **C.**  **DISCUSSION**

   **1.**  **Legal Principles**

A plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. Bivens, 403 U.S. at 395. Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

3

To state a prima facie claim of retaliation under the First Amendment, Plaintiff must allege that (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001).

When dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### 2. Defendant Sposato

Plaintiff claims that, in retaliation for Plaintiff's filing of grievances against her, Defendant Sposato took the following actions: (1) she denied Plaintiff an emergency furlough; (2) she responded to a request late; and (3) she denied Plaintiff a transfer furlough. Defendants move to dismiss this claim, *inter alia*, on the basis that Plaintiff failed to exhaust his administrative remedies in connection therewith. Specifically, Defendants assert that Plaintiff never sought any administrative remedy for this retaliation claim.

> As the United States Court of Appeals for the Third Circuit recently explained:
>
> The PLRA requires inmates to exhaust prison grievance procedures before suing in court. 42 U.S.C. § 1997e(a). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." Jones [v. Bock], 549 U.S. [199] at 218 [2007] (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).
>
> In Brown v. Croak, we noted that the PLRA requires exhaustion of "available" administrative remedies and defined such remedies as those that are "capable of use; at hand." 312 F.3d 109, 113 (3d Cir. 2002) (internal quotation marks omitted) (quoting *Webster's II, New Riverside University Dictionary* 141 (1994 ed.)). Accordingly, we held that when prison officials

4

> "thwart[] [a prisoner's] efforts to exhaust his administrative remedies," they render them "unavailable." Id.

Robinson v. Superintendent Rockview SCI, No. 14-2994, 2016 U.S. App. LEXIS 13650, at *10-11 (3d Cir. July 27, 2016).

In response to the instant Motion, Plaintiff first cites to an "Administrative Remedy Informal Resolution Form" that he submitted on October 31, 2014, wherein he complained that Defendant Sposato recommended denial of his furlough request for reasons of "indifference" and retaliation. ECF No. 41-1 at 2. This complaint constitutes the sole act described in Plaintiff's filings which could be construed as Plaintiff filing a grievance against Defendant Sposato. Because this "grievance" was filed after Defendant Sposato recommended denial of the emergency furlough request, it could not have been the basis for the denial. In other words, the denial could not have been retaliatory for something that had not yet happened. Accordingly, not only does this "grievance"[3] not satisfy the exhaustion requirement for this claim, its post-denial timing renders this portion of Plaintiff's claim implausible. Amendment of this claim would be futile.

Similarly, the portion of Plaintiff's claim wherein he claims that Defendant Sposato "intentionally and deliberately responded to [his] request late," ECF No. 22 at 7, refers to a September 25, 2014, request from Plaintiff to Defendant Sposato which she responded to on October 22, 2014. ECF No. 41 at 6 (citing ECF No. 41-3 at 2). Plaintiff's sole "grievance" filed October 31, 2014, could not be the basis for Defendant Sposato's prior action. This portion of the retaliation claim neither was exhausted nor is plausible. Amendment of this claim would be futile.

---

[3] Assuming *arguendo* that Plaintiff's undertaking of this action constitutes the filing of a grievance.

Finally, Plaintiff's Complaint contains sparse allegations supporting the portion of Plaintiff's claim referring to the denial of transfer furlough. In his Brief in Response to Defendants' Motion to Dismiss, however, Plaintiff indicates that this portion of the retaliation claim concerns Defendant Sposato's rescission of a transfer furlough he received in late April, 2015. ECF No. 41 at 11. Plaintiff concedes that he did not seek an administrative remedy for Defendant Sposato's allegedly retaliatory action, but he asserts that he could not do so because his request for the relevant form was denied by Case Manager Griffith. Id. at 11-12. Specifically, Plaintiff alleges:

> When Plaintiff asked Mr. Griffith for a 8½ [form] to challenge [Defendant Sposato's] actions via the administrative process, Mr. Griffith informed Plaintiff that there was no need, Sposato was in charge, it was her call completely and the best he could do for Plaintiff was see to it that Plaintiff got on the bus on Friday, which Plaintiff did.

Id. at 11.

Plaintiff's description does not make clear that Mr. Griffith *refused* to provide a form. Further, Plaintiff does not allege that Mr. Griffith was his sole source of the necessary form. Plaintiff's allegations fall short of establishing that the administrative remedies he sought were rendered unavailable to him. Accordingly, Plaintiff has failed to establish that this portion of the claim was exhausted through available means. However, it is not clear that amendment of this portion of the claim would be futile.

It is therefore recommended that as to the claims against Defendant Sposato, the Motion to Dismiss be granted without prejudice to Plaintiff's ability to file an Amended Complaint on the retaliation claim with regard to the denial of the transfer furlough.

### 3. Defendant Hite

Plaintiff claims that, in retaliation against Plaintiff, Defendant Hite took multiple adverse actions against Plaintiff related to the payment of Plaintiff's assessment via to Inmate Financial Responsibility Program: "he nullified Plaintiff's initial contract, intentionally and deliberately manipulated PS 5380.08 by double counting Plaintiff's Unicor performance pay, refused to conduct a Program Review six months afterwards (because he knew that Plaintiff would be delegated to FRP refuse status), rescended [sic] Plaintiff's salary ($119.00) earned from the roofing project to $5.25, and subjected Plaintiff to a spending limit of $25.00." ECF No. 41 at 17.

However, in his Complaint, Plaintiff fails completely to allege the basis for Defendant Hite's allegedly retaliatory actions. From his Brief in Response to Defendants' Motion, the Court can infer that Plaintiff believes the retaliatory actions were taken in response to the filing of grievances, see id. at 16 (explaining "Courts have held that the filing of grievances is protected under the First Amendment …."), but Plaintiff does not identify any grievance he filed against Defendant Hite. This retaliation claim is not plausible on its face. However, it is not clear that amendment of this claim would be futile.

It is therefore recommended that as to the retaliation claim against Defendant Hite, the Motion to Dismiss be granted without prejudice to Plaintiff's ability to file an Amended Complaint thereupon.

### D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 35, be granted without prejudice to Plaintiff's ability to file an Amended

7

Complaint as to the retaliation claim against Defendant Sposato with regard to the denial of the transfer furlough and the retaliation claim against Defendant Hite.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kim R. Gibson
United States District Judge

BYRON JONES
09702-058
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Counsel of record via CM-ECF