IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | Civil Action No. 14-260J |
| | ) | Judge Kim R. Gibson/ |
| CASE MANAGER SPOSATO *Loretto* | ) | Magistrate Judge Maureen P. Kelly |
| *Camp* and COUNSELOR HITE *Loretto* | ) | |
| *Camp,* | ) | Re: ECF No. 35 |
|     Defendants. | ) | |

## AMENDED REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

Before the Court is a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment,[1] ("the Motion") filed by Defendants Case Manager Sposato and Counselor Hite ("Defendants"). ECF No. 35. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be denied in part and granted in part.

**II. REPORT**

    **A. PROCEDURAL HISTORY**

Acting *pro se*, Plaintiff filed the operative Amended Complaint on August 31, 2015. ECF No. 22. In the Amended Complaint, Plaintiff makes the following allegations. Plaintiff was transferred from the United States Penitentiary Lewisburg ("Lewisburg") to the Federal Correctional Institution at Loretto ("FCI - Loretto") in May 2014. Id. ¶ 5. At Defendant Sposato's behest, Plaintiff began working on a roofing project. Id. ¶¶ 6, 8. When the project was 85% complete, Plaintiff and two other inmates were expelled from the program. Id. Defendant Sposato gave all participants in this project except Plaintiff "full completion." Id.

---

[1] The Court will treat the entirety of the pending motion as a motion to dismiss.

¶ 23. Additionally, "almost all" participants received a furlough transfer. Id. Plaintiff did not. Id.

Upon his arrival at FCI - Loretto, Plaintiff who had a balance of $153.24 on a special assessment, met with Defendant Hite. Id. ¶ 9. Defendant Hite initially provided Plaintiff with an agreement whereby Plaintiff would pay $25 per quarter towards this assessment. Id. Plaintiff executed this agreement, which was to start in September 2014. Id. Defendant Hite subsequently provided Plaintiff with a new agreement whereby Plaintiff would be required to pay $141 per quarter. Id. ¶¶ 10-11. Defendant Hite refused to give Plaintiff a six-month Program Review when it was due. Id. ¶ 18.

On October 21, 2014, Plaintiff requested an emergency furlough due to his mother's death. Defendant Sposato disapproved that request. Id.

Plaintiff seeks relief in this Court pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for violations of his constitutional rights. Id. at 7.

On February 1, 2016, Defendants filed the instant Motion to Dismiss and Brief in Support thereof. ECF Nos. 35-36. On March 28, 2016, Plaintiff filed a Brief in Opposition. ECF No. 41. On April 11, 2016, Defendants filed a Reply. ECF No. 42. On May 2, 2016, Plaintiff filed a Reply. ECF No.43.

On August 9, 2016, this Court issued a Report and Recommendation on Defendants' Motion to Dismiss, recommending that the Motion to Dismiss be granted without prejudice to Plaintiff's ability to file an Amended Complaint as to certain claims. ECF No. 44. Objections to the Report and Recommendation were due by September 9, 2016. ECF No. 46. No objections were filed and an order adopting the Report and Recommendation was filed on September 16, 2016. ECF No. 47. Plaintiff filed Objections to the Report and Recommendation on September

19, 2016. ECF No. 48. On September 26, 2016, Plaintiff filed Motion for Reconsideration of the September 16, 2016, Order. ECF No. 49. On December 19, 2016, District Judge Kim R. Gibson granted Plaintiff's Motion for Reconsideration, vacated the September 16, 2016, Order, and remitted this matter with instructions to consider Plaintiff's Objections. ECF No. 50. On January 6, 2017, Defendants filed a Response to Plaintiff's Objections. ECF No. 52. Upon consideration of the Objections and the Response thereto and reconsideration of Defendants' Motion to Dismiss, this amended Report and Recommendation is issued.

### B. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.")

C.  DISCUSSION

1.  **Legal Principles**

A plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. Bivens, 403 U.S. at 395. Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

To state a prima facie claim of retaliation under the First Amendment, Plaintiff must allege that (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001).

When dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Generally, an Equal Protection claim requires allegations that (1) the defendant treated the plaintiff differently from others similarly situated; (2) the defendant did so intentionally; and (3) there was no rational basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

### 2. Defendant Sposato

Plaintiff claims that, in retaliation for Plaintiff's filing of grievances against her, Defendant Sposato took the following actions: (1) she denied Plaintiff an emergency furlough; (2) she responded to a request late; and (3) she denied Plaintiff a transfer furlough. Plaintiff also claims that Defendant Sposato treated Plaintiff differently than similarly situated inmates in violation of the Equal Protection Clause.

Defendants move to dismiss these claims, *inter alia*,[2] on the basis that Plaintiff failed to exhaust his administrative remedies in connection therewith. Specifically, Defendants assert that Plaintiff never sought any administrative remedy for these claims.

As the United States Court of Appeals for the Third Circuit recently explained:

> The PLRA requires inmates to exhaust prison grievance procedures before suing in court. 42 U.S.C. § 1997e(a). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." Jones [v. Bock], 549 U.S. [199] at 218 [2007] (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).
>
> In Brown v. Croak, we noted that the PLRA requires exhaustion of "available" administrative remedies and defined such remedies as those that are "capable of use; at hand." 312 F.3d 109, 113 (3d Cir. 2002) (internal quotation marks omitted) (quoting *Webster's II, New Riverside University Dictionary* 141 (1994 ed.)). Accordingly, we held that when prison officials "thwart[] [a prisoner's] efforts to exhaust his administrative remedies," they render them "unavailable." Id.

---

[2] Defendants also assert that Defendant Sposato is entitled to qualified immunity, but no argument is developed on this point as Defendants rely upon Plaintiff's failure to exhaust his administrative remedies as dispositive. ECF No. 36 at 22.

5

Robinson v. Superintendent Rockview SCI, No. 14-2994, 2016 U.S. App. LEXIS 13650, at *10-11 (3d Cir. July 27, 2016).

Although Plaintiff did attempt to respond to this argument in his Brief in Response to the instant Motion, ECF No. 41 at 5-12, he claims in his Objections that it is premature for the Court to decide this issue at this juncture in the case. ECF No. 48 at 8 (citing Nash v. New Jersey, Civ. A. No. 11-3409, 2012 U.S. Dist. LEXIS 72811, at *9 (D.N.J. May 24, 2012) (holding disposition of motion to dismiss based on failure to exhaust premature)). Recognizing the cited case law and the current posture of this case, it is recommended that the Motion to Dismiss be denied on this basis.

### 3. Defendant Hite

#### a. Retaliation

Plaintiff claims that, in retaliation against him, Defendant Hite took multiple adverse actions against Plaintiff related to the payment of Plaintiff's assessment via to Inmate Financial Responsibility Program: "he nullified Plaintiff's initial contract, intentionally and deliberately manipulated PS 5380.08 by double counting Plaintiff's Unicor performance pay, refused to conduct a Program Review six months afterwards (because he knew that Plaintiff would be delegated to FRP refuse status), rescended [sic] Plaintiff's salary ($119.00) earned from the roofing project to $5.25, and subjected Plaintiff to a spending limit of $25.00." ECF No. 41 at 17.

Plaintiff alleges that the basis for Defendant Hite's actions against Plaintiff was Plaintiff's exercise of his constitutional right to the grievance procedure while Plaintiff was incarcerated at Lewisburg. ECF No. 22 ¶ 4. Plaintiff only offers conclusory allegations that Plaintiff's constitutionally protected conduct was a substantial or motivating factor in Defendant

Hite's decision to take the alleged adverse action. Plaintiff therefore does not establish a plausible claim of retaliation. However, it is not clear that amendment of this claim would be futile.

It is therefore recommended that, as to the retaliation claim against Defendant Hite, the Motion to Dismiss be granted without prejudice to Plaintiff's ability to file an Amended Complaint.

### b. Equal Protection

In his Amended Complaint, Plaintiff makes a passing reference to Defendant Hite's actions as part of "an endeavor to ... single [Plaintiff] out of different treatment than other inmates …." ECF No. 22 at 4. Nonetheless, Plaintiff's allegations in the Amended Complaint fall short of establishing a plausible Equal Protection claim. In his Objections, however, Plaintiff sets forth expanded factual support for his claim, ECF No. 48 at 22-25. It is recommended that, as to the Equal Protection claim against Defendant Hite, the Motion to Dismiss be granted without prejudice to Plaintiff's ability to file an Amended Complaint incorporating additional factual support for this claim.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 35, be denied as to the claims against Defendant Sposato and granted as to the claims against Defendant Hite without prejudice for Plaintiff to file a second Amended Complaint in which Plaintiff shall set forth all desired allegations and claims against all parties, superseding all allegations and claims in prior Complaints and Plaintiff's Objections.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kim R. Gibson
United States District Judge

BYRON JONES
09702-058
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Counsel of record via CM-ECF