IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON JONES, )<br>                Plaintiff, )<br>)<br>   vs. )<br>)<br>CASE MANAGER SPOSATO *Loretto* )<br>*Camp* and COUNSELOR HITE *Loretto* )<br>*Camp,* )<br>              Defendants. ) | Civil Action No. 14-260J<br>Judge Kim R. Gibson/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 69 |

## ORDER

Presently before the Court is a Motion for Leave to File an Amended Complaint filed by Plaintiff Byron Jones ("Plaintiff"). ECF No. 69.

The relevant procedural history of this case is as follows. Acting *pro se*, Plaintiff instituted this action on December 3, 2014. ECF No. 1. Following the entry of two deficiency orders, Plaintiff's Complaint was filed on February 2, 2015. ECF No. 12. After an Order was entered that transferred claims against seven Defendants to the United States District Court for the Middle District of Pennsylvania, this Court directed Plaintiff to file an Amended Complaint against the remaining Defendants, Sposato and Hite, by August 10, 2015. ECF No. 18. After this Court issued an Order to Show Cause, Plaintiff filed an Amended Complaint on August 31, 2015. ECF No. 22.

On September 2, 2015, this Court issued another deficiency order. ECF No. 23. By October 19, 2015, Plaintiff had cured the deficiencies identified by the Court. ECF No. 25. Defendants Sposato and Hite filed a Motion to Dismiss on February 1, 2016 ("the first Motion to Dismiss"). ECF No. 35. Plaintiff was ordered to respond to the first Motion to Dismiss by February 22, 2016. ECF No. 37. Plaintiff sought an extension of time in which to respond. ECF

No. 39. The Court granted Plaintiff an extension until March 22, 2016. ECF No. 40. Plaintiff filed his Response on March 28, 2016. ECF No. 41.

This Court issued a Report and Recommendation as to the Motion to Dismiss on August 9, 2016. ECF No. 44. Objections thereto were due by August 26, 2016. Id. On August 30, 2016, Plaintiff sought an extension of time in which to file Objections. ECF No. 45. Also on August 30, 2016, Plaintiff was granted an extension of time until September 9, 2016, to file Objections. ECF No. 46. Plaintiff filed his Objections on September 19, 2016. ECF No. 48.

The original Report and Recommendation was Amended on January 20, 2017. ECF No. 53. In the Amended Report and Recommendation, it was recommended that the first Motion to Dismiss be denied as to Defendant Sposato and granted as to Defendant Hite "without prejudice for Plaintiff to file a Second Amended Complaint in which Plaintiff shall set forth **all desired allegations and claims against all parties, superseding all allegations and claims in prior Complaints** and Plaintiff's Objections." Id. at 7 (emphasis added). In a February 27, 2017, Order of Court, the first Motion to Dismiss was denied as to the claims against Defendant Sposato and granted as to the claims against Defendant Hite without prejudice to Plaintiff's ability to file "a Second Amended Complaint in which Plaintiff shall set forth all desired allegations and claims **against all parties**." ECF No. 55 (emphasis added).

The February 27, 2017, Order directed Plaintiff to file the Second Amended Complaint within 20 days, i.e., by March 20, 2017. Id. On March 22, 2017, Plaintiff filed a Motion seeking until April 10, 2017, to file his Second Amended Complaint. ECF No. 56. That request was granted. ECF No. 57.

Plaintiff filed his Second Amended Complaint on March 28, 2017. ECF No. 58. Therein, he set forth claims against Defendant Hite only. Id. On May 12, 2017, Defendant Hite

filed a Motion to Dismiss ("the second Motion to Dismiss") and a Brief in support thereof. ECF Nos. 62 and 63. In the Brief, counsel for Defendant Hite (who is also counsel for Defendant Sposato) noted:

> This is the second Motion to Dismiss filed in this case. Previously, Plaintiff filed an action against two defendants, Case Manager Sposato and Counselor Hite. In a Report and Recommendation dated January 20, 2017, this Court granted in part and denied in part Defendants' Motion to Dismiss. Doc. No. 53. Specifically, the Court denied the Motion to Dismiss "as to the claims against Defendant Sposato and granted [the MTD] as to the claims against Defendant Hite without prejudice for Plaintiff to file a second Amended Complaint." *Id.* at p. 7. For the Second Amended Complaint, this Court specifically directed Plaintiff as follows: "Plaintiff shall set forth *all desired allegations and claims* against <u>all parties, superseding all allegations and claims in prior Complaints</u> and Plaintiff's Objections." *Id.* (emphasis added); *see also* Doc. No. 55 (Order adopting R & R). In this Second Amended Complaint, presently before the Court, Plaintiff only presents claims against Defendant Hite and abandons any claim against Defendant Sposato.

ECF No. 63 at 1 n.1 (emphasis in original).

In the Report and Recommendation on the second Motion to Dismiss filed on July 26, 2017, this Court noted that Plaintiff did not name or allege any legal claim against Defendant Sposato in his second Amended Complaint. ECF No. 66 at 4. Accordingly, it was recommended that Defendant Sposato be terminated from the case because "Plaintiff neither names her as a defendant in the operative Complaint in which Plaintiff was ordered to set forth all desired allegations and claims against all parties, nor does he assert a claim against her therein." Id. at 8.

On August 17, 2017, Plaintiff filed the instant Motion for Leave to File an Amended Complaint naming both Defendants. ECF No. 69. Therein, Plaintiff asserts that he "misunderstood the court's instructions which indicated that he had to set forth all desired allegations and claims against all parties in the second Amended Complaint" and that he

3

mistakenly omitted claims against Defendant Sposato therein.  Id. at 3.  Plaintiff alleges that he seeks to rectify an oversight and that this Motion is not unduly delayed nor will it cause undue prejudice to Defendants.  Id.  The Court disagrees.  Assuming *arguendo* that the clear directions from the Court as to the requisite nature of his second Amended Complaint were misunderstood, Plaintiff had notice of his "oversight" via the May 12, 2017, Brief filed by Defendant Hite.  Plaintiff did not seek to file a Third Amended Complaint until August 17, 2017, more than three months later, after the second Motion to Dismiss had been briefed and considered and a Report and Recommendation had been issued thereupon.

In its present posture, this 2014 case, which has been delayed on multiple occasions by Plaintiff's hand, is on the precipice of dismissal.  To allow Plaintiff to file a Third Amended Complaint just before the second of two Motions to Dismiss is fully litigated would be unduly prejudicial to Defendants and a waste of judicial resources.

AND NOW, this 5th day of September, 2017, the Motion for Leave to File an Amended Complaint filed by Plaintiff, ECF No. 69, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal may constitute a waiver of appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: BYRON JONES
09702-058
FCI Fort Dix Camp
P.O. Box 2000
Joint Base MDL, NJ 08640

Counsel of record via CM-ECF